NOT DESIGNATED FOR PUBLICATION

Nos. 118,499
118,500
118,501

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRY LYNN ROBINSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed June 29, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Terry Robinson appeals the district court's decision to revoke her probation and require that she serve her underlying prison sentences. Robinson suggests that the district court should have entered intermediate sanctions, such as a short jail stay followed by a return to probation, rather than send her to prison. But Robinson admitted to the district court that she committed new crimes while on probation, and that gave the district court the discretion to send her to prison. We find no abuse of discretion in the district court's decision to do so.

Robinson's criminal activities resulted in three cases against her in Saline County:

case No. 15CR718, in which she was charged with forgery and theft, both felony offenses; case No. 16CR51, in which she was charged with felony theft; and case No. 16CR964, in which she was charged with felony theft.

After Robinson pleaded guilty to her charges in case No. 15CR718, the district court released her on bond supervision to await sentencing. Around six months later, Robinson tested positive for methamphetamine, and the court revoked her bond. The court agreed to reinstate Robinson's bond supervision a few days later, but ordered her to attend drug and alcohol treatment at Ashby House, a drug-addiction treatment center in Salina. Unfortunately, Robinson did not successfully complete her treatment at Ashby House.

A few months later, Robinson pleaded guilty to her theft charge in case No. 16CR51. Later, she was brought in for sentencing on case Nos. 15CR718 and 16CR51. Noting that Robinson had struggled with an underlying drug-addiction, the court ordered Robinson to serve an 18-month term of probation, rather than send her to prison, so that she could move to a sober-living community and have another chance at treatment. For her convictions in case No. 15CR718, Robinson received an underlying 12-month prison term, and for case No. 16CR51 an underlying 10-month prison term, that she would have to serve consecutively (back to back) if she did not successfully complete her probation.

While serving probation, Robinson was sentenced in case No. 16CR964. Although Kansas sentencing guidelines provided a presumptive-prison sentence, the district court gave Robinson a 12-month probation term, noting that Robinson needed drug treatment. The court imposed an underlying 11-month term in prison, to be served consecutive to her sentences in case Nos. 15CR718 and 16CR51 if she did not successfully complete probation.

A little over a month later, the State alleged that Robinson had violated her probation by committing several new crimes—felony theft, interference with law enforcement, possession of a controlled substance, possession of drug paraphernalia, possession with intent to distribute, and failure to obtain a drug-tax stamp. The State also said Robinson had failed to report to her supervising officer, to submit to drug testing, and to update her residence and employment information. It also claimed she had tested positive for methamphetamine and failed to follow the court's orders to complete drug treatment and to reside in a sober-living facility. At a hearing on the State's allegations, Robinson admitted to all violations. The district court revoked Robinson's probation and ordered her to serve her underlying sentences in case Nos. 15CR718, 16CR51, and 16CR964.

When a convicted felon violates the terms of probation, Kansas law generally provides that he or she receive an intermediate sanction, such as a short jail stay followed by a return to probation, rather than being sent to prison on the first violation. K.S.A. 2017 Supp. 22-3716(c)(1). But there's an exception to the general rule: intermediate sanctions aren't required when the offender commits a new crime. See K.S.A. 2017 Supp. 22-3716(c)(8). And Robinson admitted that she committed new crimes while on probation.

Thus, we review the district court's decision in Robinson's cases only for abuse of discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). We find nothing unreasonable about the district court's decision here. Although Robinson urges that she should have been sent for treatment rather than to jail, Robinson had several chances to get treatment for her drug addiction. But Robinson didn't complete her treatment program at Ashby House, didn't move into a sober-living community, and admitted to committing

3

six new crimes while on probation. A reasonable person could agree with the district court's decision to impose her underlying sentences.

On Robinson's motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision to revoke Robinson's probation.

We affirm the district court's judgment.